IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2221-D

| | | |
|---|---|---|
| CECIL MUHAMMAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JONATHAN C. MINER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On September 8, 2010, in the District of Columbia, Cecil Muhammad ("Muhammad" or "petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus ("the 2221 petition") pursuant to 28 U.S.C. § 2241 [D.E. 1]. On September 17, 2010, that court transferred the 2221 petition to this district [D.E. 2]. Notably, on April 23, 2010, Muhammad filed a substantially identical petition ("the 2071 petition") in this district. See Muhammad v. Miner, No. 5:10-HC-2071-BO (E.D.N.C.). On February 15, 2011, the respondent to the 2071 petition filed a motion to dismiss the 2071 petition, which is pending. Id., [D.E. 7]. On March 17, 2011, Muhammad filed a motion for summary judgment on the 2071 petition, which is also pending. Id., [D.E. 12]. On June 30, 2011, Muhammad moved in this action "to transfer his Federal Tort Claim Act Complaint back to U.S. District Court for The District of Columbia" [D.E. 4] (emphasis in original). The matter is before the court for a preliminary review pursuant to 28 U.S.C. § 2243. For the reasons explained

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. 2000) (unpublished table opinion)

(citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases).

As noted, the 2221 and 2071 petitions are substantially identical. Muhammad raises the exact same six claims in each petition, and seeks the same relief. Compare 2221 Pet. 5–8 with 2071 Pet. 6–9. Muhammad has named Rivers Correctional Institution Warden Miner as a respondent in both petitions.[1] Moreover, there are pending dispositive motions in the 2071 proceeding, creating a risk of inconsistent results or at a minimum, a likelihood of res judicata. Thus, the court concludes that dismissal of this petition without prejudice is appropriate. See, e.g., Davis v. U.S. Parole Comm'n, 870 F.2d 657, 1989 WL 25837, at *1 (6th Cir. 1989) (unpublished table opinion); Powell v. Warden, Madison Corr. Inst., No. 1:11-cv-162, 2011 WL 2848331, at *1 (S.D. Ohio June 22, 2011) (unpublished); Kirabira v. ICE, No. 2:08-CV-0082, 2008 WL 5169492, at *2 (N.D. Tex. Dec. 9, 2008) (unpublished).

Muhammad's motion to transfer his Federal Tort Claims Act ("FTCA") complaint back to the District of Columbia [D.E. 4] appears to have been filed in the wrong action. On June 21, 2011, in the District of Columbia, Muhammad filed a FTCA complaint in Muhammad v. United States, No. 1:11-cv-01135-UNA (D.D.C.),[2] and the district court ordered the transfer of that complaint to this district [D.E. 3]. Muhammad appealed the transfer order to the District of Columbia Court of Appeals, and his appeal is pending. In re Muhammad, No. 11-5169 (D.C. Cir. Aug. 8, 2011). Thus, Muhammad's FTCA complaint is not pending in this district. Therefore, the court denies his

---

[1] Muhammad has named two additional respondents in the 2221 petition; however, the proper respondent to a habeas petition is the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

[2] Muhammad wrote this case number in the caption of his motion to transfer. [D.E. 4] at 1.

2

motion to transfer without prejudice. Muhammad may refile the motion in the FTCA action if it is transferred to this district.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Muhammad's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

For the reasons stated, the court DENIES without prejudice petitioner's motion to transfer [D.E. 4] and DISMISSES without prejudice petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 as duplicative. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 15 day of August 2011.

JAMES C. DEVER III
United States District Judge